WRIGHT, FINLAY & ZAK, LLP
Robert A. Riether, Esq.
Nevada Bar No. 12076
7785 W. Sahara Avenue, Suite 200
Las Vegas, NV 89117
Tel.: (702) 475-7967; Fax: (702) 946-1345
rriether@wrightlegal.net

FAEGRE DRINKER BIDDLE & REATH LLP
Kimberly A. Jones, Esq. (*pro hac vice*)
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
Tel.: (312) 569-1296; Fax: (312) 212-6500
Eric F. Au, Esq. (*pro hac vice*)
One Logan Square, Ste. 2000
Philadelphia, PA 19103
Tel.: (215) 988-2544; Fax: (215) 988-2757

*Attorneys for Defendant, Massachusetts Mutual Life Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SANGHAMITRA BASU,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 2:20-cv-01432-JCM-BNW<br><br>**STIPULATED PROTECTIVE ORDER** |

　　　　Plaintiff Sanghamitra Basu and Defendant Massachusetts Mutual Life Insurance Company, through their respective counsel of record, stipulate as follows:

　　　　WHEREAS, documents and information have been and may be sought, produced, or exhibited by and among the parties relating to confidential business or financial information or privacy rights of Defendant, an employee of Defendant, or the Plaintiff.

　　　　THEREFORE, the parties believe that the following protective order is necessary to facilitate discovery and to prevent the unnecessary disclosure of proprietary or confidential

information and documents.

**PROTECTIVE ORDER**

The terms and conditions of this protective order are as follows:

1. Discovery in this action will involve the production of documents and testimony that may contain confidential information, including proprietary information, and other items.

2. A party may designate any documents, other materials, or responses to discovery, which that party in good faith believes (1) contains information involving trade secrets, confidential business or financial information or privacy rights of MassMutual, an employee of MassMutual, or the Plaintiff, and (2) is subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information). However, as specifically enumerated in paragraph 13 of this Protective Order, a party may object to the designation of material as Confidential. If a party objects, and the parties cannot reach an agreement, the procedure and provisions contained in paragraph 13 shall determine the proper designation or status of the disputed material and/or information.

3. The producing party's designation of Material as Confidential must be made only upon the good faith belief that unrestricted disclosure of such information could be harmful to the business or, operations, or privacy interests of parties or non-parties.

4. Any producing party shall designate Material as Confidential by affixing thereon a small notice on the document containing the word "CONFIDENTIAL" or a statement that the Material is being produced under this Protective Order. All copies of such documents that are reproduced by the receiving party pursuant to the terms of this Protective Order must either (a) contain the original designation of confidentiality, or (b) be clearly marked as "CONFIDENTIAL." Any such designation of Confidential by the producing party shall be precise and specific as to the document or parts of documents designated as Confidential. For

information and documents.

**PROTECTIVE ORDER**

The terms and conditions of this protective order are as follows:

1. Discovery in this action will involve the production of documents and testimony that may contain confidential information, including proprietary information, and other items.

2. A party may designate any documents, other materials, or responses to discovery, which that party in good faith believes (1) contains information involving trade secrets, confidential business or financial information or privacy rights of MassMutual, an employee of MassMutual, or the Plaintiff, and (2) is subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information). However, as specifically enumerated in paragraph 13 of this Protective Order, a party may object to the designation of material as Confidential. If a party objects, and the parties cannot reach an agreement, the procedure and provisions contained in paragraph 13 shall determine the proper designation or status of the disputed material and/or information.

3. The producing party's designation of Material as Confidential must be made only upon the good faith belief that unrestricted disclosure of such information could be harmful to the business or, operations, or privacy interests of parties or non-parties.

4. Any producing party shall designate Material as Confidential by affixing thereon a small notice on the document containing the word "CONFIDENTIAL" or a statement that the Material is being produced under this Protective Order. All copies of such documents that are reproduced by the receiving party pursuant to the terms of this Protective Order must either (a) contain the original designation of confidentiality, or (b) be clearly marked as "CONFIDENTIAL." Any such designation of Confidential by the producing party shall be precise and specific as to the document or parts of documents designated as Confidential. For

example, including a marking an individually bates numbered page as "CONFIDENTIAL" shall be precise and specific.

5. A party may designate testimony taken during a deposition as Confidential Information by expressing the designation at the time of the depositions or in writing within 30 days after the transcript of the testimony has been received by the designating party. In the event the party furnishing deposition testimony designates portions or all of that testimony as Confidential, the court reporter shall separately transcribe and submit under seal, to counsel for the parties, transcriptions of the testimony designated as Confidential. Confidential transcripts of deposition testimony are subject to the same good faith requirement for designation of Confidential Information and shall be treated the same and afforded the same protections as other Material designated as Confidential Information under this Order.

6. Confidential Information shall be made available only to the named parties, the attorneys of the parties in this action, the attorneys' clerical, secretarial, and support staff, and outside consultants, vendors, or experts and the experts' clerical, secretarial, and support staff, retained to assist in the prosecution or defense of this action, or any mediator hired by the parties to facilitate settlement of this matter.

7. Confidential Information shall not be disclosed or communicated to outside consultants, vendors, or experts unless and until that person or entity has been given a copy of this Order and has signed an acknowledgement that he/she or it has received and agrees to comply with its terms. A copy of the acknowledgment is attached as **Exhibit A** to this Protective Order.

8. No person or entity to whom Confidential Materials are made available shall use of such Material for any purpose other than the prosecution or defense of this action. No person or entity to whom Confidential Material is made available shall disclose the contents of such material to any other person or entity, except as permitted by this Order.

9. In the event a party or counsel for a party receives a subpoena issued in another lawsuit for Confidential Material produced in this action, the party receiving the subpoena shall give prompt notice to the party who originally disclosed the Material in this lawsuit.  Prompt notice shall be defined as notice sufficient to allow the party who disclosed the Material to file a motion to quash or to take other lawful action to prevent disclosure.  At a minimum, prompt notice means an e-mail or fax to the producing party's counsel within five business days of receiving the subpoena.  If the party that receives the subpoena files a motion to quash or takes other legal action to prevent disclosure, the party receiving the subpoena shall not produce any Confidential Material in response to the subpoena until the Court rules on the motion to quash, the issue is otherwise resolved by the Court, or the issue is resolved by agreement among the disclosing party and the party issuing the subpoena.

10. In the event a party or counsel for a party seeks to file Material that another party designated as Confidential with the Court, the party or counsel seeking to file the Confidential Material shall first confer with the designating party about the need to file the document (or proposed filing) under seal and whether the parties can agree on a stipulation seeking to have the document (or proposed filing) filed under seal.

11. Nothing in this Order should be construed to automatically permit the filing of any document under seal. The parties hereby acknowledge LR IA 10-5, which states, in part, that "papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal."

12. Nothing in this Order shall be construed to preclude counsel from showing Confidential Material to any witnesses during depositions, hearings, or at trial of this action.  In the event any Confidential Material is shown to a witness, it shall not lose its Confidential status.

13. If a party contends that any Material designated as Confidential is not entitled to

such treatment, such party may at any time give written notice that the party does not believe the designated material qualifies as Confidential Information.  The party who designed the Material as Confidential shall have twenty-five (25) days from the receipt of such notice to apply to the Court for an order designating the Material as Confidential.  The designating party has the burden of establishing that the Material is appropriately subject to this Protective Order.

14.     Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon information designated as Confidential, provided that the contents of the information must not be disclosed beyond the parameters of this Order as stated in Paragraph 6.

15.     The Court may modify the terms and conditions of this Order for good cause, or in the interests of justice, or on its own at any time.

16.     The provisions of this Order shall survive the termination of this action, except with respect to those documents and information that became a matter of public record pursuant to Paragraph 6. Upon conclusion of the case, counsel for the parties are responsible for retrieving from their retained experts and consultants all Confidential Materials and returning them to the disclosing party, or destroying them, and for assuring that their retained experts and consultants do not keep any copies.  Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential information.

///

///

///

///

///

Further, attorney work product materials that contain Confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation.

Dated: April 14, 2021

/s/ Matthew L. Sharp
Matthew L. Sharp, Esq.
Law Offices of Matthew L. Sharp
Nevada Bar No. 4766
432 Ridge St.
Reno, NV  89501

Sean K. Claggett, Esq.
Nevada Bar No. 8407
Samuel A. Harding, Esq.
Nevada Bar No. 1877
Shannon L. Wise
Nevada Bar No. 14509
Claggett & Sykes Law Firm
4101 Meadows Lane, Suite 100
Las Vegas, NV  89107
Attorneys for Plaintiff Sanghamitra Basu

Dated: April 14, 2021

/s/ Robert A. Riether
Robert A. Riether, Esq.
Nevada Bar No. 12076
Wright, Finlay & Zak, LLP
Las Vegas, NV 89117

Kimberly A. Jones, Esq.
Admitted *pro hac vice*
Eric F. Au, Esq.
Admitted *pro hac vice*
Faegre Drinker Biddle & Reath LLP
191 N. Wacker Dr., Ste. 3700
Chicago, IL 60606
Attorneys for Defendant Massachusetts Mutual Life Insurance Company

## EXHIBIT LOG

| Exhibit A | Acknowledgment |
|---|---|

## ORDER

**IT IS SO ORDERED**

**DATED:** 5:09 pm, April 15, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

6