**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SANGHAMITRA BASU, | Case No. 2:20-cv-01432-JCM-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | |
| Defendant. | |

Before the Court are two motions to seal, ECF Nos. 51 and 62. Neither motion is opposed.

**I.  Legal Standard**

Generally, the public has the right to inspect and copy judicial records. *Kamakana v. City & Cnty. Of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Those records are presumed publicly accessible. *Id*. Accordingly, a party seeking to seal judicial record bears the burden of overcoming this strong presumption. *Id; see also Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995) (noting that the Ninth Circuit's approach for the common law right of access requires courts to start with a strong presumption in favor of access). For a dispositive motion, such as a motion for summary judgment, the party seeking to seal the record must articulate "compelling reasons supported by specific factual findings" which outweigh the history of access to related documents and the public policies favoring disclosure. *Kamakana,* 447 F.3d at 1178, 79. (cleaned up). Courts cannot rely on hypothesis or conjecture. *Id.* at 1179.

Typically, "compelling reasons" exist when records may be used to release trade secrets. *Nixon v. Warner Comms., Inc.,* 435 U.S. 589, 598 (1978) (finding that courts have refused to allow public access to files if they contain business information that might harm a litigant's "competitive standing"). Even if the court discerns a compelling reason for sealing its records, "the court must 'conscientiously balance [ ] the compelling interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179.

## II. Analysis

### a. Plaintiff's Motion to Seal (ECF No. 62)

Here, Plaintiff seeks to seal Exhibits 2 and 33 to its Opposition to Defendant's Motion for Partial Summary Judgment. ECF No. 62. Plaintiff notes that Defendant designated these documents as confidential under the parties' protective order. *Id.* at 1. However, Plaintiff "does not believe the documents qualify as confidential documents" and suggests the Defendant may "wish to demonstrate to this Court why the documents should be filed under seal." *Id.* at 1-2. Defendant did not file a response to this motion.

Designating a document as "Highly Confidential" under a protective order is insufficient to meet the compelling reasons standard. *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122,1136 (finding that documents subject to a protective order are filed under seal as attachments to dispositive motions are still subject to the 'compelling reasons' standard). The party seeking to seal documents still must show that the specific interests favoring continued secrecy outweigh "the public interest in understanding the judicial process." *Hagestad,* 49 F.3d at 1434; *see also Kamakana*, 447 F.3d at 1181.

Though it does not appear that Defendant seeks to keep ECF Nos. 2 and 33 sealed, the Court will give Defendant a final opportunity to demonstrate why these documents should be sealed. If Defendant would like these documents sealed, it must file a motion to seal by July 18, 2022, explaining, specifically, what compelling reasons exist to seal the documents. If no such motion is filed, the documents will be unsealed.

### b. Defendant's Motion to Seal (ECF No. 51)

Here, Defendant seeks to seal Exhibit 4, titled "DI Claims Evaluation Factors," filed in support of its motion for partial summary judgment. Defendant suggests that this exhibit is a trade secret. *See* ECF No. 51 at 2-3. Defendant argues that Exhibit 4 provides its claim examiners with an "efficient and effective way" to determine whether income claims are payable and "protects[s] MassMutual against fraudulent claims." ECF No. 51 at 2. Defendant also contends that if the exhibit is released to the public, Defendant's competitors "would be able to copy MassMutual's processes, and insureds who are seeking to defraud MassMutual could manufacture a way to

avoid MassMutual's methods for detecting fraud." ECF No. 51 at 2. Accordingly, Defendant asks the Court to seal Exhibit 4 on the basis that it is a trade secret. *See id.* at 2-3.

The Ninth Circuit has adopted the Restatement's definition of "trade secret." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013) (citing *Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972)). Under this definition, a trade secret is "any formula, pattern, device or compilation, of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 215CV02422MMDNJK, 2016 WL 2593920, at *1 (D. Nev. May 5, 2016) (quoting Restatement (First) of Torts § 757, cmt. b (1939)). Although trade secrets generally relate to the production of goods, they may relate to other business operations. *Clark*, 453 F.2d at 1009.

The Restatement provides six factors to consider when determining whether information is a trade secret:

> (1) the extent to which the information is known outside of his business; (2) the extent to which it is known by employees and others involved in his business; (3) the extent of measures taken by him to guard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended by him in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

Restatement (First) of Torts § 757 cmt. b.

The Court reviewed Exhibit 4 within the context of the Restatement factors, but Defendant has not provided enough information for the Court to determine whether the exhibit is a trade secret. As explained below, Defendant's one-paragraph explanation is insufficient to explain why Exhibit 4 should be deemed a trade secret.

The first factor, the extent to which the information is known outside of business, is not discussed within the motion.

The second factor, the extent to which the information is known by employees and others, is not discussed. Defendant argues that MassMutual's claim examiners have access to the

information because they use it to "determine whether disability income insurance claims are payable . . . ." *Id.* at 2:21-22. However, Defendant does not clarify the extent to which the information is shared throughout MassMutual or any policies regarding its secrecy.

The same goes for the third factor, the extent of measures taken to guard the secrecy of the information. Defendant fails to explain what measures, if any, are taken to guard the secrecy of the information.

Regarding the fourth factor, the value of the information to the Defendant and its competitors, Defendant simply claims the information is valuable. Defendant argues that if it were made public, competitors "would be able to copy MassMutual's processes, and insureds who are seeking to defraud MassMutual could manufacture a way to avoid MassMutual's methods for detecting fraud." ECF No. 51 at 2. These statements are conclusory, as Defendant has not provided examples of the information's value to the company or to its competitors.

The fifth factor, the amount of effort or money expended in developing the information, is not addressed in the motion.

Finally, the sixth factor, the ease or difficulty with which the information could be properly acquired or duplicated by others, is also not addressed in the motion. Instead, Defendant simply contends that if the exhibit is *not sealed*, competitors could easily acquire and duplicate the materials. However, this Court interprets this factor as a directive to gauge the ease or difficulty with which the information could be properly acquired or duplicated *by others generally in the world (independent of their access to these documents in the event the documents are not sealed).*

The Court interprets this factor in this manner for two reasons. First, if the factor were interpreted as Defendant seems to interpret it, this factor would always cut in favor of sealing and essentially be meaningless; any document that was unsealed could be acquired and duplicated by others. Second, the Restatement supports the Court's interpretation. It provides that trade secrets derive their value from being secret. It also conveys that "a substantial element of secrecy must exist [for something to be a trade secret]" such that "except by the use of improper means, there would be difficulty in acquiring the information." Restatement (First) of Torts § 757, cmt. b.

Here, Defendant does not explain how easy or difficult it would be for others to acquire or duplicate its sealed exhibit generally.

Since Defendant provided little information for each of the factors, the Court cannot determine whether Exhibit 4 qualifies as a trade secret. If Defendant wishes for this exhibit to remain sealed, Defendant must explain specifically – and in greater detail – why it contains trade secrets that could be used for an improper purpose if allowed into the public record. *See Kamakana*, 447 F.3d at 1179.

### III.    Conclusion

IT IS THEREFORE ORDERED that Plaintiff's motion to seal (ECF No. 62) is DENIED without prejudice. If Defendant would like Exhibits 2 and 33 to remain sealed, it must file a motion to seal by July 18, 2022. If Defendant chooses not to file such a motion, these documents will be unsealed.

IT IS FURTHER ORDERED that Defendant's motion to seal (ECF No. 51) is DENIED without prejudice. If Defendant would like Exhibit 4 to remain sealed, it must file a motion to seal consistent with this order by July 18, 2022. If Defendant chooses not to file such a motion, this document will be unsealed.

DATED: July 6, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE