UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANGHAMITRA BASU , <br>                               Plaintiff, <br> v. <br> MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY , <br>                               Defendant. | Case No.: 2:20-cv-01432-JCM-BNW <br><br> ORDER |

Presently before the court is plaintiff Sanghamitra Basu ("plaintiff")'s motion to reconsider (ECF No. 84) this court's amended order granting partial summary judgment to defendant. (ECF No. 83). Defendant Mass Mutual Life Insurance Company ("defendant") filed a response (ECF No. 86), to which plaintiff replied (ECF No. 88).

Also before the court is plaintiff's motion to reconsider the amended order insofar as it strikes expert Terry Van Noy's expert report. (ECF No. 85). Defendant filed a response (ECF No. 87), to which plaintiff replied (ECF No. 89).

I.    **Background**[1]

---

[1] Plaintiff's motion for reconsideration makes much of the fact that, in the original order granting partial summary judgment, the court cited to the complaint as it recounted the case's facts. Setting aside the fact that plaintiff's complaint is admissible evidence in the Ninth Circuit, *see Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995); *Allen v. U.S.*, No. 03-cv-01358, 2012 WL 1242167, at *5, n.3 (D. Nev. Apr. 24, 2012), this court fails to understand how it committed clear error or was manifestly unjust to the plaintiff when it used the complaint she submitted to recount the factual basis for the decision. Likewise, it is unclear to the court why plaintiff argues that on summary judgment every allegation in the complaint must be taken as true as it would be at the motion to dismiss stage. Regardless, the statement of undisputed facts, while largely unchanged, now cites to other items in the record to support the factual propositions contained within.

1

This action is an insurance dispute arising from a slip and fall incident at the Miracle Mile Shops in Las Vegas. The following facts are undisputed. Plaintiff, a pain management physician, slipped and fell at the shops on or about August 25, 2012. (ECF No. 54-3 at 2). At the time of her fall, she had an insurance policy with defendant. *See* (ECF No. 54-1). That policy required defendant to pay total disability benefits if the insured could not perform the primary duties of her occupation due to injury. (*Id.*) The policy also limited payments to 24 months for any disability "caused or contributed to by a Mental Disorder." (*Id.* at 16).

Following her fall, plaintiff was diagnosed with several spinal injuries, which allegedly have caused her continuing pain and cognitive impairment. (ECF No. 60-2 at 7). In early 2016, plaintiff filed a disability claim with defendant. (ECF No. 54-3). Plaintiff provided medical records that purported to show that she was "totally disabled" under the policy due to a physical disability. (ECF No. 60-15; 60-16). Defendant disagreed with that characterization and conducted its own investigation of her alleged disability, but conditionally approved the claim on October 27, 2016. (ECF No. 54-18). Throughout its investigation, defendant paid benefits to plaintiff under a "reservation of rights." (*Id.*; ECF Nos. 54-28; 54-29; 54-38; 54-55).

Based on its review of plaintiff's medical records and consultation with its retained medical professionals, defendant eventually determined that plaintiff's disability was the result of a mental disorder under the policy. (ECF No. 54-55). Thus, on December 14, 2019, defendant informed plaintiff that it would be discontinuing payment of benefits under the mental disorder limitation. (*Id.*)

Plaintiff now brings this action for compensatory and punitive damages asserting that defendant breached its insurance contract, contravened the implied covenant of good faith and fair dealing, and violated Nevada Revised Statute § 686A.310. *See* (ECF No. 1-1 at 13–15). Defendant moved for summary judgment on the claims for violation of the implied covenant of good faith and fair dealing and NRS § 686A.310, punitive damages, and as to the burden of proof on the plaintiff's breach of contract claim. (ECF No. 54). Defendant also moved to strike the expert report of plaintiff's expert Terry Van Noy. (ECF No. 63).

/ / /

2

This court struck Mr. Van Noy's report and granted defendant summary judgment on all grounds except the breach of contract claim on September 15, 2022.  (ECF No. 82).  The court issued an amended order the following week to correct a typographical error.  (ECF No. 83).  Plaintiff now moves to reconsider those orders, arguing that the court should reconsider its decision to strike Mr. Van Noy's report (ECF No. 85), as well as its decision on granting partial summary judgment (ECF No. 84).

II. **Legal Standard**

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).  A motion for reconsideration "should not be granted, absent highly unusual circumstances."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

On one hand, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890.  On the other hand, "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts.  A movant who repeats arguments will be subject to appropriate sanctions."  LR 59-1(b).

Thus, the Ninth Circuit has provided that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

III. **Discussion**

  a. <u>Motion to Reconsider Striking the Expert Report</u>

3

Plaintiff moves this court to reconsider its decision striking Terry Van Noy's expert report. (ECF No. 85). In its previous order, this court determined that Mr. Van Noy was qualified as an expert, but his report was inadmissible because it embraced several ultimate conclusions of law. (ECF No. 83 at 9). Curiously, plaintiff reads the order to exclude Mr. Van Noy as a witness entirely. It does not. It strikes only his expert report. (*Id.* at 9) ("Because the opinions expressed in Van Noy's expert report are nearly all legal conclusions, defendant's motion to strike *that report* is granted." (emphasis added))

Regardless, plaintiff presents nothing necessitating reconsideration of this court's order. There is no evidence presented that the court did not consider when it adjudicated the motion, and there has been no intervening change in controlling law. So, to reconsider its order, this court must find that it committed clear error or there was some manifest injustice in its decision. It finds none.

An insurance bad faith claim is predicated on "the absence of a reasonable basis for denying benefits and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991) (quotation marks, ellipses, and citation omitted). That finding—that defendant acted *unreasonably* and knew it did—is the entirety of the legal question attendant to the claim. It is a binary choice. Either defendant reasonably denied the claim and is not liable, or it acted unreasonably and is thus liable.

In his tenth opinion, for example, Mr. Van Noy states: "Mass Mutual did interpret its policy unreasonably in favor of its interest and against the interest of its insured." (ECF No. 60-6 at 113–15). Had the court issued summary judgment in favor of plaintiff, that is exactly how the holding would have read. A finding that there was an unreasonable interpretation cannot be separated from a finding of bad faith. So, notwithstanding the fact that the statement "Mass Mutual acted in bad faith" never appears as such, the report seeks to short-circuit the fact-finding process by hiding a legal conclusion under the imprimatur of Mr. Van Noy's purported authority.

Mr. Van Noy's report takes the facts of the case, perfunctorily lists a set of insurance standards (which are never specifically referenced again), and then proceeds to render twelve

opinions that could just as easily find themselves at home in a court's post-trial findings of fact and conclusions of law. (*Id.*) Plaintiff argues that this report is no different than a doctor testifying that another physician departed from the applicable standard of care in a medical negligence case. (ECF No. 89 at 4). Plaintiff's hypothetical, however vague it may be, is inapposite. The report here offers expert testimony on not only the "heart" of the claim, as a doctor's testimony on the standard of care in a malpractice case would, but the entirety of the bad faith claim—whether the denial was reasonable.

Courts regularly exclude expert testimony that makes those sorts of sweeping generalizations, particularly when the balance of the expert's testimony opines as to the reasonableness of a party's conduct. *See U.S. v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999); *Aguilar v. Int'l Longshoreman's Union, Local #10*, 966 F.2d 443, 447 (9th Cir. 1992); *Dubinsky v. Liberty Surplus Ins. Corp*. No. 08-cv-6744, 2010 WL 11506086, at *9, n.65 (C.D. Cal. June 15, 2010). Considering the weight of that precedent, and the fact that this court finds no clear error necessitating reconsideration of its previous order, plaintiff's motion to reconsider the decision striking Mr. Van Noy's report is DENIED.

b.  Motion to Reconsider Summary Judgment

Plaintiff also asks the court to reconsider its decision awarding defendant partial summary judgment. *See* (ECF No. 84). The court declines to do so.

Plaintiff's motion for reconsideration spends most of its time parroting arguments that this court heard in support of the original motion and rejected. Now, plaintiff spends eighteen pages claiming that the court "misunderstood or overlooked" her characterizations of the evidence or attacking the authenticity of evidence.[2] The court misunderstood or overlooked nothing. It has read the arguments and considered the evidence—twice. There is no *genuine* dispute of material fact, and the grant of partial summary judgment was appropriate.

---

[2] Even assuming that there was an issue with the authentication of exhibits, as plaintiff claims, this court's prior order made clear "that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial." (ECF No. 83 at 5). There is no reason to question the authenticity of any of the documents at issue, and Federal Rule of Evidence 904 provides that authenticity may be established by the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances."

5

*i. Bad Faith*

This court's order granting summary judgment on plaintiff's bad faith claim was premised on plaintiff's failure to provide a single piece of evidence in support of the claim other than her own *ipse dixit* characterizations of the evidence. *See* (ECF No. 83). Neither her disagreement with the court, nor the fact that she "responded" to the facts the court determined were undisputed are enough to create a *genuine* dispute of material fact that precludes summary judgment.

As this court has already stated, to prevail on a bad faith claim, a plaintiff must show "the absence of a reasonable basis for denying benefits and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Falline*, 823 P.2d at 891 (quotation marks, ellipses, and citation omitted). This district has granted summary judgment under Nevada law to insurers in bad faith claims where the insurer had a "reasonable basis to take the position that it did." *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania,* 863 F. Supp. 1237, 1242 (D. Nev. 1994); *see also Schumacher v. State Farm Fire & Cas. Co.,* 467 F. Supp. 2d 1090, 1096 (D. Nev. 2006).

Plaintiff appears to misapprehend the scope of a bad faith insurance claim. Whether defendant is right or wrong in its determination that plaintiff's claim is subject to the mental disorder limitation is wholly irrelevant to a bad faith claim. Whether defendant correctly applied that term of the policy is the subject of the unadjudicated breach of contract claim. What *is* relevant to a bad faith claim is the process defendant undertook to reach its conclusion.

The evidence shows that defendant possessed and reviewed reports from several different physicians (including plaintiff's own physicians). Further, the evidence shows that, upon review of these reports, defendant determined that the mental disorder limitation applied. That determination—correct or not—was based on evidence that was in defendant's possession at the time the limitation was applied.

To recount, again, Dr. Mortillaro's report states that plaintiff's "clinical presentation was consistent with the diagnosis of a Somatic Symptom Disorder." (ECF No. 54-22). In total, four of the physicians defendant engaged to review the file indicated some level of somatic

presentation, and four of plaintiff's physicians concluded the same. *See* (ECF Nos. 54-9 (Dr. Klein); 54-20 (Dr. Mortillaro); 54-21 (Dr. Kadushin); 54-30 (Dr. Tupper); 54-41 (Dr. Folk-Barron); 54-43 (Dr. Nagy); 54-45 (Dr. Travnicek); 54-46 (Dr. Markes)). That evidence provides a reasonable (even if incorrect) basis to invoke the mental disorder limitation.

The court concedes that it cited to Dr. Cestkowski's report in its original order, and that report was not acquired until after defendant invoked the mental disorder limitation. *See* (ECF 83 at 10–11) (citing ECF No. 54-7). So, plaintiff fairly asserts that defendant could not have considered the report as such. However, the record also includes instances of defendant's consulting physicians referring to Dr. Cestkowski's treatment. *See* (ECF No. 54-31 at 3; 54-37 at 15). The court sees no plausible reason for a consulting physician to reference Dr. Cestkowski's treatment unless it had "considered" it. Thus, despite the court's incorrect citation in the original order, there remains support for the conclusion that defendant considered plaintiff's treatment history, including Dr. Cestkowski's treatment.

The fact there is evidence to support both conclusions—that plaintiff's disability was primarily mental and subject to the limitation, or primarily physical and not—is exactly the sort of genuine dispute in coverage that defeats a bad faith insurance claim. *See Pioneer,* 863 F. Supp. at 1242. The fact that there is evidence to support both conclusions defeats the bad faith claim, although it does not defeat the breach of contract claim. That breach of contract claim will require the factfinder to be the ultimate arbiter of which interpretation of the evidence is correct. However, the fact that a jury *could* conclude that plaintiff's interpretation of the evidence is correct does not require this court to disturb its finding that, as a matter of law, defendant had a reasonable basis to deny the claim—even if that reasonable basis is ultimately proven to be incorrect.

To be clear, the court has not and does not express an opinion on whether invocation of the mental disorder limitation was correct. That dispute is the heart of the remaining claim. Indeed, it is precisely this dispute that leads to the court referring to the disability as the "purported disability," nomenclature plaintiff takes issue with. Because the characterization of the disability as primarily physical or mental is the heart of the still unadjudicated breach of

contract claim, it is wholly inappropriate for the court to refer to it as one or the other. Thus, referring to it as the "purported disability" is not an acceptance of defendant's characterization of the evidence as plaintiff claims it is; it is a recognition that plaintiff provides evidence that purports to show the disability is primarily physical when defendant's claims process determined otherwise.

Considering all this, the court will not disturb its prior order. Plaintiff's motion to reconsider the court's grant of summary judgment as to the bad faith claim is DENIED.

### ii. *Nevada Unfair Claim Settlement Practices Act*

For the same reasons, the court also DENIES plaintiff's motion as to the NRS 686A.310 claim. As determined for the second time above, there were reasonable grounds for defendant to deny coverage. It had evidence from several physicians that plaintiff exhibited somatic symptoms. At the risk of sounding repetitive, the court, again, notes that this does not mean that defendant was correct in its determination; it means that there was an evidentiary basis for it such that liability was not "reasonably clear" under NRS 686A.310(1)(e).

To that same end, the court is not persuaded by plaintiff's argument that defendant did not make a coverage decision on October 31, 2016, when it began paying the claim under a reservation of rights. Defendant's employee noted in his log of the call on October 31, 2016, that he advised plaintiff defendant was "approving the claim under reservation of rights." (ECF No. 54-18 at 2). Approving a claim is making a decision on the claim, even if defendant reserves its rights to invoke the policy's limitations upon receipt of further information. The court will not revisit its decision as to NRS 686A.310(1)(c) or (d).

Further, plaintiff mischaracterizes this court's prior order. The court never stated that the policy required an appeal. It stated that plaintiff did not avail herself of the opportunity to appeal when it was presented to her. (ECF No. 83 at 11–12) ("Similarly, defendant could not have compelled plaintiff to initiate litigation when it gave plaintiff an opportunity to appeal its decision with a new claim examiner.") That plaintiff subjectively felt an appeal would be futile does not equate to defendant forcing her to litigate the claim such that defendant violated Nevada law. Plaintiff cannot say she was "forced" to take an action when she was presented with two

alternatives—appeal or litigate—and chose one. Thus, the court will not reconsider its decision as to NRS 686A.310(1)(f).

Finally, as to NRS 686A.310(1)(a)'s prohibition on an insurer's "[m]isrepresenting to insureds or claimants pertinent facts or insurance policy provisions relating to any coverage at issue," plaintiff presents no new argument. She simply repeats, in the same order, the facts that this court considered in the underlying motion for summary judgment except this time with the caveat that "a reasonable jury" could conclude the opposite of the court. *Compare* (ECF No. 60 at 24) *with* (ECF No. 84 at 13). There is no evidence supporting that assertion. The court will not reconsider its decision as to NRS 686A.310(1)(a), and thus DENIES plaintiff's motion in its entirety as to claims brought under NRS 686A.310 *et seq.*

### iii. Punitive Damages

The court also reaffirms its grant of summary judgment as to punitive damages. The court has, again, determined defendant's conduct was reasonable, even if it was incorrect. Plaintiff provides no evidence of the specific intent necessary for an award of punitive damages other than her own evaluation of defendant's conduct. *See Ainsworth v. Combined Ins. Co.*, 763 P.2d 673, 675 (1988); *Pioneer,* 863 F. Supp. at 1251. The court will not reconsider its decision based on what plaintiff argues a hypothetical "reasonable jury" might conclude. Defendant undertook a four-year investigation. It told plaintiff that it reserved its rights "to invoke at any time, any provision contained in" the policy. (ECF No. 54-18). That plaintiff thinks defendant incorrectly applied the policy's terms does not mean defendant committed fraud; it means, at most, defendant was wrong. The court will not reconsider its decision on punitive damages.

### iv. Breach of Contract

Plaintiff also moves for reconsideration of this court's conclusion that she bears the burden of proving her total disability was physical such that the mental disorder limitation did not apply. The court declines to do so.

"It is well established that when an insured has proved a loss apparently within the terms of the policy, the burden is on the insurer to show that such loss was produced by a cause which is excepted from the coverage." *Nat'l Auto. & Cas. Ins. Co. v. Havas*, 339 P.2d 767, 768

9

(Nev. 1959) (citations omitted).  While defendant accepted the claim on October 31, 2016, it reserved its rights to define the specific contours of that acceptance later.  *See* (ECF No. 54-18).  Thus, plaintiff has not "proved a loss apparently within the terms of the policy."  *Havas*, 339 P.2d at 768.  Defendant, in its acceptance of the claim did not specify whether the claim was being accepted as a total physical disability or a total disability subject to the mental disorder limitation.  While it is true that if defendant had initially determined the disability was physical and later amended its decision it would hold the burden of proof under *Havas*, that is not what happened here.  Defendant accepted the claim under a "reservation of rights" to investigate the specific scope of the claim.  (ECF No. 54-18).

Further, the policy contains language that plaintiff must provide continuing "proof" of total disability to receive payment.  This district has determined that, in a suit involving invocation of the mental disorder limitation in a policy with substantially the same language, the plaintiff bears the burden of proof on this issue and must prove "that her impairments are not due to mental illness."  *Feldsher v. Liberty Life Assur. Co. of Boston*, No. 2:13-CV-00533-LDG, 2014 WL 3611910, at *9 (D. Nev. July 18, 2014).

It is true that *Feldsher*—and other cases defendant cites—arise under the ERISA framework.  ERISA cases are typically subject to an abuse of discretion standard when the plan administrator retains "discretion," which results in a markedly different procedural posture.  *See generally Muniz v. Amec Const. Mgmt., Inc.*, 623 F.3d 1290, 1296 (9th Cir. 2010).  However, even considering this differing procedural posture, *Feldsher* and the other ERISA cases are more applicable than *Havas* here.  Plaintiff has not definitively proven her loss, therefore there is no clear comparison to *Havas*.  Defendant is not completely rejecting the claim, it is categorizing what portion of the policy is applicable.

As Judge George put it in *Feldsher*:

> Ultimately, the medical evidence before the parties must be interpreted. [Plaintiff] argues the record never concludes that her impairments are due to mental illness. [defendant] argues that, while never conclusive, the record "contains substantial evidence" to support its conclusion. Balancing these interpretations of the record, the Court finds that [plaintiff] bears the burden of demonstrating that her impairments are not due to mental illness.

While ERISA's abuse of discretion standard provides the ultimate threshold for review, the court sees no reason to discount *Feldsher*'s conclusion as to burden of proof simply on account of necessary evidentiary threshold required by an abuse of discretion standard.  The court will not revisit its decision on burden of proof and DENIES plaintiff's motion on this ground.

> *v.  FRCP 54(b) Certification*

Plaintiff also requests, in the alternative, that this court certify its decision on all the foregoing grounds as final so that it may immediately appeal those decisions.  (ECF No. 84 at 17).  The court will not do so.

"When an action presents more than one claim for relief ... the court *may* direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b) (emphasis added).  Issuance of a certification of final judgment is discretionary.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).

Plaintiff's primary argument is that the court has "hamstrung" her by striking her expert's testimony.  (ECF No. 84 at 18).  Plaintiff is correct insofar as the court struck the expert report, but she is incorrect as to her overall assessment.  The court found Mr. Van Noy qualified and reliable.  (ECF No. 83 at 7–8).  There is nothing preventing her from presenting his testimony to the jury as to the breach of contract claims.  The court struck his report because it was replete with legal conclusions in its current state.  (*Id.* at 9)

Further, plaintiff argues that judicial resources will be conserved if she is allowed to immediately appeal.  (ECF No. 84 at 18; 88 at 14).  While it is true that, from her perspective, resources might be conserved if she is successful on this initial appeal, the opposite is true for defendant.  Were the court to grant certification and allow an immediate appeal, regardless of the outcome of that appeal, there will be a trial on at least the breach of contract claim.  At the conclusion of that trial, there is the distinct possibility of a second appeal as to the final disposition of the still unadjudicated breach of contract claim, from either party.  It is most efficient for the parties to bring a single appeal of all issues in this case rather than engaging in piecemeal "yo-yo" litigation at the Ninth Circuit in the meantime.  *See Cobbledick v. United*

*States*, 309 U.S. 323, 325 (1940) ("Since the right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice, Congress from the very beginning has, by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration.")

Further, a stay awaiting the Ninth Circuit's decision on an appeal of the certified issues would prejudice plaintiff. It creates the possibility of a much larger damages award, as any potential contract damages would continue to accrue during the pendency of the appeal. It would be unfair to defendant to allow damages to inflate based on stay pending appeal when that appeal could be brought just as effectively on both the order and the trial verdict at once.

### IV.   Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motions for reconsideration (ECF Nos. 84–85) be, and the same hereby are, DENIED.

DATED THIS 3rd day of February, 2023.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE