Matthew L. Sharp, Esq.
NV Bar No. 4746
MATTHEW L. SHARP, LTD.
432 Ridge Street
Reno, NV 89501
(775) 324-1500
matt@mattsharplaw.com

Sean K. Claggett, Esq. (NV Bar No. 008407)
Samuel A. Harding, Esq. (NV Bar No. 001877)
Shannon L. Wise (NV Bar No. 014509)
CLAGGETT & SYKES LAW FIRM
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
(702) 655-2346
sclaggett@claggettlaw.com
sharding@claggettlaw.com
swise@claggettlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANGHAMITRA BASU, | **CASE NO.: 2:20-cv-01432-JCM-BNW** |
| Plaintiff, | |
| v. | |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | |
| Defendant. | **JOINT PRETRIAL ORDER** |

The parties to this consolidated action, through counsel and in accordance with LR II 16-3, submit this Joint Pretrial Order.

After pretrial proceedings in this case,

IT IS ORDERED:

**I.**

**This is an action for:** Dr. Sangha Basu is insured under an individual disability income insurance policy issued by MassMutual.  Dr. Sangha Basu alleges that MassMutual breached the policy when it determined that her claim for total disability benefits was subject to the policy's

mental disorder limitation.  MassMutual contends that it did not breach the policy and that Dr. Basu is not totally disabled due to physical conditions.

**II.**

**Statement of Jurisdiction:** Jurisdiction exists under 28 U.S.C § 1332(a).  Plaintiff is resident of Nevada.  Defendant is a resident of Massachusetts.  The amount in controversy exceeds $75,000.

**III.**

**The following facts are admitted by the parties and require no proof:**

1.     Dr. Basu is insured under MassMutual disability income insurance policy no. 8455557 (the "Policy").

2.     The Policy includes the relevant terms governing Dr. Basu's claim.

3.     Dr. Basu's occupation was a pain management specialist.

4.     In December 2015, Dr. Basu stopped working as a pain management physician.

**IV.**

**The following facts, though not admitted, will not be contested at trial by evidence to the contrary.**

Not applicable

**V.**

**The following issues of fact to be tried and determined at trial.**

The parties agree that the following issues of fact are to be tried and determined at trial:

1.     Did MassMutual breach the Policy when it stopped paying Dr. Basu's claim on November 16, 2021 based upon the mental disorder limitation?

2.     If MassMutual breached the disability insurance policy, what are Dr. Basu's damages to Dr. Basu?

Defendant maintains, and Plaintiff disagrees, that the following issues of fact are also to be tried and determined at trial:

1.     Why did Dr. Basu stop working as a pain management physician in December 2015?

2.    Is Dr. Basu unable to perform the main duties of her occupation as a pain management physician due to physical medical conditions and absent the effects of any mental disorders?

3.    Did Dr. Basu meet the Policy's requirement that she provide MassMutual with proof of total disability due to physical conditions?

## VI.

**The following are the issues of law to be tried and determined at trial:**

**Plaintiff's view**:    There are no issues of law to be tried and determined at trial.

**Defendant's view**:    1.) Breach; 2.) Causation; 3.) Damages; and 4.) Any issues of law raised in the parties' anticipated motions in limine.

## VII.

(a)    The following exhibits are stipulated into evidence in this case and may be so marked by the court:

    1.    MassMutual Disability Income Insurance Policy No. 8455557

    2.    Letter from MassMutual to Plaintiff dated December 4, 2019

(b)    As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

    1.    Plaintiff intends to present the following exhibits, and Defendant intends to assert the following objections:

| No. | Name | Cite | Objections |
|---|---|---|---|
| 3 | Disability Claim Mental Disorder Limitation | ECF 60-2 at Ex. 2 | Irrelevant; Confuses the Issues; Misleads the Jury; and Contravenes Court Order |
| 4 | Dr. Snyder Presentation | BASU-Dr Snyder-000012-40 | Lack of Authentication; Irrelevant; Confuses the Issues; Inadmissible Hearsay; Misleads the Jury; and Best Evidence Rule |
| 5 | MassMutual Claim File | MM/Basu 1-4369 | Vague and Ambiguous/Overbroad; Inadmissible Hearsay; Irrelevant |

| No. | Name | Cite | Objections |
|---|---|---|---|
| 6 | Attending Physician Statements | ECF 60-6 at Exs. 14-15 | Inadmissible Hearsay; Misleads the Jury; Best Evidence Rule; Lack of Foundation; and Inadmissible Expert Opinion |
| 7 | Notes of Pre-Disability Earnings | ECF 60-6 at Ex. 18 | Irrelevant; Confuses the Issues; and Misleads the Jury |
| 8 | May 8, 2018 Email | MM/Basu 5590 | Irrelevant; Misleads the Jury; and Confuses the Issues |
| 9 | October 6, 2016 Email | MM/Basu 4580-84 | Best Evidence Rule; Misleads the Jury; and Confuses the Issues |
| 10 | October 21, 2016 Detail Call | ECF No. 60-7 at Ex. 21 | Inadmissible Hearsay |
| 12 | May 11, 2017 Email | MM/Basu 5047-5130 | Inadmissible Hearsay; Confuses the Issues; Misleads the Jury; Inadmissible Expert Opinion; and Best Evidence Rule |
| 14 | May 8, 2018 Email | MM/Basu 5590 | Irrelevant; Misleads the Jury; and Confuses the Issues |
| 15 | July 5, 2018 Email | MM/Basu 5569 | Irrelevant |
| 16 | July 5, 2018 Action Plan | MM/Basu 2238-45 | Confuses the Issues; and Misleads the Jury |
| 17 | October 2, 2018 Detail Call Notes | ECF 60-7 at Ex. 28 | Best Evidence Rule; and Inadmissible Hearsay |
| 18 | October 3, 2018 Email | MM/Basu 5751 | Irrelevant |
| 20 | MassMutual Surveillance Reports | MM/Basu 3247-53, 3441-49, 3454-75, 2847-51 | Misleads the Jury; Confuses the Issues; Calls for Speculation; and Irrelevant |
| 23 | CoventBridge Summary of Surveillance | MM/Basu 2847-51, 3805-75 | Misleads the Jury; Confuses the Issues; Calls for Speculation; and Irrelevant |
| 24 | November 15, 2019 Action Plan | MM/Basu 6508 | Irrelevant; Confuses the Issues; and Misleads the Jury |
| 29 | Medical Records of Dr. Cestkowski | Basu- Dr. Cestkowski 1-187 | Inadmissible Hearsay; Misstates the Evidence/Lack of Foundation; Misleads the Jury; and Best Evidence Rule |
| 30 | Medical Records of Dr. Stuart Kaplan | ECF 60-2 at Ex. 5 | Inadmissible Hearsay; Misstates the Evidence/Lack of Foundation; Misleads the Jury; and Best Evidence Rule |

| No. | Name | Cite | Objections |
|---|---|---|---|
| 31 | Medical Records of Dr. Thompson | ECF 60-2 at Ex. 8 | Inadmissible Hearsay; Misstates the Evidence/Lack of Foundation; Misleads the Jury; and Best Evidence Rule |
| 32 | Medical Records of Hennepin Medical Clinic | ECF 60-3 at Ex. 9 | Inadmissible Hearsay; Misstates the Evidence/Lack of Foundation; Misleads the Jury; and Best Evidence Rule |
| 33 | Medical Records of Hennepin Medical Clinic | ECF 60-3 and 4 at Ex. 9 | Inadmissible Hearsay; Misstates the Evidence/Lack of Foundation; Misleads the Jury; and Best Evidence Rule |
| 34 | Medical Records of Dr. Abraham Nagy | Basu- Dr. Nagy 0001-219 | Inadmissible Hearsay; Misstates the Evidence/Lack of Foundation; Misleads the Jury; Best Evidence Rule; and Undue Prejudice/Untimely Disclosure Under FRCP 26 |
| 35 | Medical Records of Dr. Mortillaro | ECF 60-6 at Ex. 12 | Inadmissible Hearsay; Misstates the Evidence/Lack of Foundation; Misleads the Jury; and Best Evidence Rule |
| 36 | Medical Records of Pain Institute of Nevada | Basu-PIN 1-716 | Inadmissible Hearsay; Misstates the Evidence/Lack of Foundation; Misleads the Jury; Best Evidence Rule; and Undue Prejudice/Untimely Disclosure Under FRCP 26 |
| 37 | Medical Records of Dr. Germin | ECF 60-2 at Ex. 6 | Inadmissible Hearsay; Misstates the Evidence/Lack of Foundation; Misleads the Jury; and Best Evidence Rule |
| 38 | Medical Records of Centennial Medical Imaging | ECF 60-5 at Ex. 11 | Inadmissible Hearsay; Misstates the Evidence/Lack of Foundation; Misleads the Jury; and Best Evidence Rule |
| 40 | Snyder Records | Snyder-Simonmed MRI Basu 1-11 | Inadmissible Hearsay; Misstates the Evidence/Lack of Foundation; Misleads the Jury; and Best Evidence Rule |
| 41 | Divorce Decree | ECF 60-8 at Ex. 32 | Irrelevant; Inadmissible Hearsay; Misleads the Jury; Best Evidence Rule; and Confuses the Issues |
| 42 | Lee Email June 24, 2016 | Ex 6 to Souresh Basu Dep | Irrelevant; Inadmissible Hearsay; Misleads the Jury; Best Evidence Rule; and Confuses the Issues |
| 43 | Addendum to Certificate of Authority | Ex. 10 to Souresh Basu Dep | Irrelevant; Inadmissible Hearsay; Misleads the Jury; Best Evidence Rule; and Confuses the Issues |
| 44 | Basu, Souresh Emails | Basu-Souresh Emails 1-37 | Irrelevant; Inadmissible Hearsay; Misleads the Jury; Best Evidence Rule; and Confuses the Issues |

<u>Plaintiff's Position:</u>

By identifying the foregoing documents, Plaintiff does not waive any right under the Federal Rules of Civil Procedure and the Federal Rules of Evidence to object to Plaintiff's introduction of all or a portion of the foregoing documents, depending on the context in which the evidence is offered. Nothing contained herein shall be deemed a waiver or admission of any kind.

<u>Defendant's Position:</u>

Plaintiff's list of exhibits identifies several exhibits of more than hundreds of pages (*see, e.g.*, Ex. No. 36 (Basu-PIN 1-716). Accordingly, the foregoing objections are not an admission or a statement that the entirety of each of Plaintiff's exhibits is inadmissible evidence. By making the foregoing objections, Defendant does not waive any evidentiary right to introduce admissible evidence at trial, including for purposes of impeachment.

Defendant reserves the right to make additional objections based upon the context in which evidence is offered and the nature of the evidence. Defendant further reserves the right to supplement and/or amend these objections.

2.    Defendant intends to present the following exhibits, and Plaintiff intends to assert the following objections:

| EXHIBITS | DESCRIPTION | BATES NO./DOCKET ENTRY ("D.E.") NO. | Objections |
|---|---|---|---|
|  | Plaintiff's Statement for Disability Benefits | D.E. 54-3 | FRE 402, 403, 801, 802 |
|  | Detail Call Notes | D.E. 54-5; 54-13; 54-18; D.E. 54-24; D.E. 54-34 | FRE 402, 403, 801, 802, authenticity and foundation. |
|  | Medical Records of Dr. Richard Cestkowski's Treatment of Plaintiff | D.E. 54-7; BASU-Dr Cestkowski-000001-187 | FRE 402, 403, 801, 802 |
|  | Aliante Chiropractic Intake Form | D.E. 54-8 | FRE 402, 403, 801, 802 |
|  | Medical Reports of Dr. Reva Klein | D.E. 54-9; D.E. 54-16; D.E. 54-20; D.E. 54- | FRE 402, 403, 801, 802, FRCP 26(a)(2), |

| EXHIBITS | DESCRIPTION | BATES NO./DOCKET ENTRY ("D.E.") NO. | Objections |
|---|---|---|---|
| | | 31; D.E. 54-35; D.E. 54-44; D.E. 54-51 | authenticity and foundation. |
| | Desert Oasis Clinic Form | D.E. 54-10 | FRE 402, 403, 801, 802 |
| | Letters from MassMutual to Plaintiff | D.E. 54-11; D.E. 54-14; D.E. 54-27; D.E. 54-28; D.E. 54-29; D.E. 54-33; D.E. 54-38; D.E. 54-55 | FRE 402, 403, 801, 802 |
| | Medical Reports of Dr. Frederick Kadushin | D.E. 54-12; D.E. 54-21; D.E. 54-23; D.E. 54-32; D.E. 54-36 | FRE 402, 403, 801, 802; FRCP 26(a)(2); authenticity and foundation. |
| | Letters of Calls Between Dr. Klein and Dr. Nagy | D.E. 54-15; D.E. 54-43 | FRE 402, 403, 801, 802; FRCP 26(a)(2); authenticity and foundation. |
| | MassMutual Action Plans | D.E. 54-17; D.E. 54-25; D.E. 54-39; D.E. 54-42; D.E. 54-49 | FRE 402, 403, 801, 802; FRCP 26(a)(2); authenticity and foundation. |
| | Dr. Mortillaro's Neuropsychological Evaluation Report | D.E. 54-19 | FRE 402, 403, FRCP 26(a)(2) |
| | Letter of Call Between Dr. Kadushin and Dr. Mortillaro | D.E. 54-22 | FRE 402, 403, |
| | Email from Plaintiff to MassMutual | D.E. 54-26 | FRE 402, 403, 801, 802; FRCP 26(a)(2), foundation |
| | Dr. Tupper's Neuropsychological Evaluation Report | D.E. 54-30 | FRE 402, 403, 801, 802; FRCP 26(a)(2); authenticity and foundation |
| | Medical Reports of Dr. Ann Markes | D.E. 54-37; D.E. 54-46; D.E. 54-52 | FRE 402, 403, 801, 802; FRCP 26(a)(2); authenticity and foundation |
| | MassMutual File Consultation Memos | D.E. 54-40; D.E. 54-48; D.E. 54-53 | FRE 402, 403, 801, 802; FRCP 26(a)(2); authenticity and foundation |

| EXHIBITS | DESCRIPTION | BATES NO./DOCKET ENTRY ("D.E.") NO. | Objections |
|---|---|---|---|
| | Medical Reports of Dr. Lori Folk-Barron | D.E. 54-41; D.E. 54-50 | FRE 402, 403, 801, 802; FRCP 26(a)(2); authenticity and foundation |
| | Letter of Call Between Dr. Markes and Dr. Katherine Travnicek | D.E. 54-45 | FRE 402, 403, 801, 802; FRCP 26(a)(2); authenticity and foundation |
| | Medical Report of Dr. Mark Jackowitz | D.E. 54-47 | FRE 402, 403, 801, 802; FRCP 26(a)(2), authenticity and foundation |
| | Medical Records of Plaintiff from Sunrise Hospital | MM/Basu – 002918-19 | FRE 402, 403, 801, 802; FRCP 26(a)(2), authenticity and foundation |
| | Plaintiffs' Responses to MassMutual's Interrogatories | | FRE 402, 403, 801, 802; FRCP 26(a)(2) |
| | Plaintiffs' Responses to MassMutual's Requests for Admission | | FRE 402, 403, 801, 802; FRCP 26(a)(2) |
| | MassMutual's Chief Claim Consultant File Review | D.E. 54-54 | FRE 402, 403, 801, 802; FRCP 26(a)(2) authenticity and foundation |
| | Surveillance Videos of Plaintiff | D.E. 54-59; D.E. 54-60 | FRE 402, 403, 801, 802; FRCP 26(a)(2) authenticity and foundation |
| | Report of MassMutual's Medical Expert, Dr. Akhil Chhatre | D.E. 54-62 | FRE 402, 403, 801, 802; authenticity and foundation |
| | Photographs of Plaintiff Ziplining | D.E. 54-66 | FRE 402, 403, 801, 802; lack of authenticity and foundation and FRCP 26 disclosure |
| | MassMutual's Pay History for Plaintiff's Claim | D.E. 54-67 | FRE 402, 403, 801, 802; authenticity and foundation |

| EXHIBITS | DESCRIPTION | BATES NO./DOCKET ENTRY ("D.E.") NO. | Objections |
|---|---|---|---|
| | Reports of Dr. Stephen L. G. Rothman | BASU-Dr Fish-002728-30; BASU-Dr Fish-002527-30; BASU-Dr Fish-002765-67; BASU-Dr Fish-000117-18; BASU-Dr Fish-00 119-20 | FRE 402, 403, 801, 802; FRCP 26(a)(2); authenticity and foundation |
| | Reports of Dr. Barry A. Hendin | BASU-Dr Fish-002507-10; BASU-Dr Fish-004128; BASU-Dr Fish-004151; BASU-Dr Gross-001854; BASU-Dr Fish-002468 | FRE 402, 403, 801, 802; FRCP 26(a)(2); authenticity and foundation |
| | Transcript of Deposition of Dr. Leo Germin | BASU-Dr Fish-001980-99 | FRE 402, 403, 801, 802; FRCP 26(a)(1), FRCP 26(a)(2); FRCP 32(a) |
| | Transcript of Deposition of Dr. Jeffrey Gross | BASU-Dr Fish-001802-49 | FRE 402, 403, 801, 802; FRCP 26(a)(1), FRCP 26(a)(2); FRCP 32(a) |
| | Reports of Dr. Zoran Maric | BASU-Dr Gross-001732-1741; BASU-Dr Fish-004201-03; BASU-Dr Fish-004272-73; BASU-Dr Gross-002093-95; BASU-Dr Gross-003720-21 | FRE 402, 403, 801, 802; FRCP 26(a(2; authenticity and foundation |
| | Transcript of Deposition of Dr. David Fish | BASU-Dr Fish-001670-94 | FRE 402, 403, 801, 802; FRCP 26(a)(1), FRCP 26(a)(2); FRCP 32(a); authenticity and foundation |
| | Reports of Dr. Howard Tung | BASU-Dr Fish-004056-4105; BASU-Dr Fish-005614-5660 | FRE 402, 403, 801, 802; FRCP 26(a)(2); authenticity and foundation |
| | Medical Records of Dr. Stuart Kaplan's Treatment of Plaintiff | D.E. 60-2 at Ex. 5 | FRE 402, 403, 801, 802; authenticity and foundation |

| EXHIBITS | DESCRIPTION | BATES NO./DOCKET ENTRY ("D.E.") NO. | Objections |
|---|---|---|---|
| | Medical Records of Hennepin Medical Clinic's Treatment of Plaintiff | D.E. 60-3 at Ex. 9 | FRE 402, 403, 801, 802; |
| | Plaintiff's Handwritten Notes | Ex. 1 to Souresh Basu's Deposition | FRE 402, 403, 801, 802; authenticity and foundation |
| | Video of Plaintiff's Slip and Fall on August 26, 2012 | Ex. 1 to Dr. David Tupper's Deposition | FRE 402, 403, authenticity, foundation. |
| | MassMutual's Calculation of the Present Value of Future Policy Benefits | MM/Basu - 007895 | FRE 402, 403, 801 authenticity, foundation and FRCP 26(a)(1). |
| | Exhibits to Depositions and Deposition Transcripts of Plaintiff, Sabitri Mangal, Dr. Abraham Nagy, Dr. David Tupper, and Souresh Basu | | This category of identification is not reasonable and not a good faith compliance with LR-16-3 or 16-4. Plaintiff objects to the exhibits on the basis FRE 402, 403, 801, 802; FRCP 26(a)(1), FRCP 26(a)(2); FRCP 32(a); authenticity and foundation. |
| | Medical Records that MassMutual obtained to evaluate Plaintiff's Claim | | This general category of identification is not reasonable under LR-16-3 or 16-4. This general category of identification is not reasonable and is not identifiable by Bates-stamp nos. Plaintiff objects to the exhibits on the basis FRE 402, 403, 801, 802; FRCP 26(a)(1), FRCP 26(a)(2); authenticity and foundation. |

///

///

///

| | | | |
|---|---|---|---|
| | Documents Produced by Non-Parties to this Litigation in Response to Subpoenas | | This general category of identification is not reasonable under LR-16-3 or 16-4. This general category of identification is not reasonable to specifically identify objections. Plaintiff objects to the exhibits on the basis FRE 402, 403, 801, 802; FRCP 26(a)(1), FRCP 26(a)(2); authenticity and foundation. |
| | All pleadings filed in this litigation. | | This general category of identification is not reasonable under LR-16-3 or 16-4. This general category of identification is not reasonable and is not identifiable by Bates-stamp nos. Plaintiff objects to the exhibits on the basis FRE 402, 403, 801, 802; FRCP 26(a)(1), FRCP 26(a)(2); authenticity and foundation. |

Defendant's Position:

Defendant reserves the right to utilize and/or introduce at trial any documents identified or produced by any party to this litigation, including but not limited to purposes of impeachment and/or rebuttal.

By identifying the foregoing documents, Defendant does not waive any right under the Federal Rules of Civil Procedure and the Federal Rules of Evidence to object to Plaintiff's introduction of all or a portion of the foregoing documents, depending on the context in which the evidence is offered. Nothing contained herein shall be deemed a waiver or admission of any kind.

///

///

1         <u>Plaintiff's Position</u>:

2         Defendant's reservation of rights to rely upon any documents identified or produced by

3 any party to this litigation for any purpose is inconsistent with LR 16-3(c).

4         (c)     Electronic evidence:

5         Plaintiff intends to use presentation software to present evidence to the jury. They do not

6 separately intend to introduce evidence in its electronic form. The Plaintiff will contact the court

7 clerk or administrator to assure the presentation will be done consistent with electronic capability.

8 Plaintiff objects to the introduction of the PDF or JPEG format of any exhibit identified by either

9 party and objection to admission of any video deposition or any portion including Dr. Basu or

10 Souresh Basu on the basis of hearsay and FRCP 32.

11         MassMutual intends to present electronic evidence to the Court, including PDFs, JPEGs,

12 videos (e.g., Docket Entry Nos. 54-59 and 54-60 and excerpts from the videotaped depositions of

13 Dr. Basu and Souresh Basu), etc. to jurors for the purposes of jury deliberations. MassMutual

14 will provide such electronic evidence in a format compatible with the Court's electronic jury

15 evidence display system, and MassMutual will contact the courtroom administrator for

16 instructions about how to prepare evidence in an electronic format and other requirements for the

17 Court's electronic jury display system.

18         (d)     Depositions:

19         The parties agree that David Tupper, Ph.D. is the only witness who was deposed in this

20 lawsuit whose entire testimony at trial is anticipated to be provided through deposition

21 testimony. The Plaintiff stipulates that Dr. Basu and Dr. Nagy will testify at trial during Plaintiff's

22 case in chief. Defendant stipulates that Sabitri Mangal will be made available to testify at trial

23 during Plaintiff's case in chief. In the event a witness who has been deposed in this matter is

24 unavailable or unable to provide live testimony pursuant to FRCP 32 at the time of trial, the parties

25 stipulate that the witness' deposition testimony may be offered by the parties at the time of trial

26 in lieu of live testimony. The parties will work in good faith to designate the portions of the

27 deposition testimony that each party will offer and the objections that the opposing party has to

28 the introduction of such testimony. The parties stipulate that each party has the right to utilize

deposition testimony in the examination of witnesses as permitted by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, and the opposing party may object to such deposition testimony at the trial.  The parties agree they will not object to a party utilizing the deposition testimony in the examination of a witness on the basis that deposition testimony was not disclosed in this Joint Pretrial Order under Section VII(d).

> (1)     Plaintiff may offer the following deposition:

>> a.   David Tupper:

Plaintiff will object to Dr. Tupper's testimony in its entirety on the basis of relevancy and undisclosed expert testimony pursuant to FRCP 26(a)(2).  In the event the objection is overruled, Plaintiff will offer the following deposition testimony in her case in chief or cross-designations listed in Section VII(d)(1):

48:25-50:7

66:11-80:3

> (2)     Defendant may offer the following deposition testimony:

| **Dr. David Tupper** | 15:4-17 |
|---|---|
| | 16:11-20:3 |
| | 20:20-21:6 |
| | 23:17-24:8 |
| | 25:17-26:3 |
| | 28:1-16 |
| | 30:21-31:10 |
| | 37:6-15 |
| | 37:19-38:2 |
| | 38:24-39:20 |
| | 42:13-18 |
| | 45:5-46:7 |
| | 46:12-47:11 |
| | 49:4-20 |
| | 50:14-51:23 |
| | 52:3-53:7 |
| | 53:13-54:5 |

| | |
|---|---|
| | 54:17-55:5 |
| | 57:6-59:5 |
| | 60:9-61:10 |
| | 64:20-66:3 |
| | 71:4-17 |
| | 72:18-23 |

<u>Defendant's Position:</u>

Defendant reserves the right to supplement and/or amend the list of testimony that it may introduce at trial.  Nothing herein shall be construed as a waiver of any rights or objections.

<u>Plaintiff's Position:</u>

Defendant's rights to supplement or amend testimony is governed by LR 16-3.

   (e)   Objections to depositions:

   (1)   Without waiver of Defendant's right to object to the introduction of deposition testimony at or prior to trial, and as permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, Defendant objects to the deposition testimony that Plaintiff has identified as follows:

| Dr. David Tupper | |
|---|---|
| **Testimony** | **Objections** |
| 48:25-50:7 | Calls for Speculation; Inadmissible Hearsay; Misleads the Jury; Undue Prejudice; Best Evidence Rule; and Lacks Foundation |
| 66:11-80:3 | Calls for Speculation; Inadmissible Hearsay; Misleads the Jury; Undue Prejudice; Best Evidence Rule; and Lacks Foundation |

By making the foregoing objections, Defendant does not waive any evidentiary right under the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence to introduce any admissible testimony at trial.

Defendant reserves the right to supplement and/or amend these objections prior to or at trial.

<u>Plaintiff's Position:</u>

Defendant's reservation of rights and assertion that it does waive any right is inconsistent with LR 16-3.

(2)    Plaintiff objects to defendant's depositions as follows:

      a.    Dr. David Tupper:

Plaintiff will object to Dr. Tupper's testimony in its entirety on the basis of relevancy and undisclosed expert testimony pursuant to FRCP 26(a)(2).  In the event the objection is overruled, Plaintiff will offer the cross-designations listed in Section VII(d)(1), and Plaintiff will offer the following objections to the testimony cited by Defendant:

- 16:11-20:3 -    FRE 402, 403, 702, lack of foundation and FRCP 26(a)(2)
- 20:20-21:6 -    FRE 402, 403, 702, lack of foundation and FRCP 26(a)(2)
- 23:17-24:8 -    FRE 402, 403, 702, lack of foundation and FRCP 26(a)(2); lack of completeness FRCP 32(a)(6).
- 25:17-26:3 -    FRE 402, 403, 702, lack of foundation and FRCP 26(a)(2); lack of completeness FRCP 32(a)(6).
- 28:1-16 -    FRE 402, 403, 702, lack of foundation and FRCP 26(a)(2); lack of completeness FRCP 32(a)(6)
- 30:21-31:10 -  FRE 402, 403, 702, 801, lack of foundation and FRCP 26(a)(2)
- 37:6-15 -        FRE 402, 403, 702, lack of foundation and FRCP 26(a)(2)
- 37:19-38:2 -    FRE 402, 403, 702, lack of foundation and FRCP 26(a)(2);
- 38:24-39:20 -  FRE 402, 403, 702, lack of foundation and FRCP 26(a)(2)
- 42:13-18 -      FRE 402, 403, 702, lack of foundation and FRCP 26(a)(2)
- 45:5-46:7 -      FRE 402, 403, 702, lack of foundation and FRCP 26(a)(2); lack of completeness FRCP 32(a)(6)
- 46:12-47:11 -  FRE 402, 403, 702, lack of foundation and FRCP 26(a)(2).
- 54:17-55:5 -   Lack of completeness FRCP 32(a)(6)
- 57:6-59:5 -      FRE 402, 403, 702, lack of foundation and FRCP 26(a)(2)

**VIII.**

The following witnesses may be called by the parties at trial:

(a)    Plaintiffs' Witnesses

      1.    Sanghamitra Basu
            c/o Matthew L. Sharp, Ltd.
            432 Ridge Street
            Reno, Nevada 89501

///

2.      Stuart Kaplan, M.D.
        Western Regional Center for Brain & Spine Surgery
        3061 S. Maryland Pkwy.
        Las Vegas, Nevada 89109

3.      Katherine Travnicek, M.D.
        Pain Institute of Nevada
        W. Azure Drive, Ste 190
        Las Vegas, NV 89130

4.      Walter M. Kidwell, M.D.
        Pain Institute of Nevada
        W. Azure Drive, Ste 190
        Las Vegas, Nevada 89106

5.      Steven D. Lockman, M.D.
        Minnesota Neurorehabilitation Institute
        12805 Hwy 55, Suite 304
        Plymouth, MN 55441

6.      Elhain Taherian, M.D.
        Dignity Health Medical Group
        10001 S. Eastern Ave., Ste. 203
        Henderson, NV  89052

7.      Travis Snyder, D.O.
        SimonMed Imaging
        7455 W. Washington Ave., Ste. 120
        Las Vegas, NV  89128
        (702) 433-6455

8.      Terry Van Noy
        2312 Prometheus Court
        Henderson, NV 89074

9.      Terrence Clauretie, Ph.D.
        217 Palmetto Point Dr.
        Henderson NV 89012

10.     Sabitri Mangal
        Faegre, Drinker, Biddle & Reath
        191 North Wacker Dr., Ste 3700
        Chicago, IL 60606

11.     Anamika Das
        4124er Saxon Drive
        North Las Vegas, Nevada 89085

12.     Sam Scire
        9013 Raven Avenue
        Las Vegas, Nevada 89143

///

13.   Nicole Ducker
      1231 Chambers Road
      St. Louis, MO 63137

14.   Michael B. Lee
      1820 E. Sahara Ave, #110
      Las Vegas, NV 89104

(b)   Defendants' Witnesses:

1.    Sanghamitra Basu
      c/o Matthew L. Sharp
      Law Offices of Matthew L. Sharp
      432 Ridge Street
      Reno, NV  89501

2.    Souresh Basu
      7405 Midnight Rambler Street
      Las Vegas, NV 89149

3.    Abraham Nagy, M.D.
      Nevada Headache Wellness
      8285 West Arby Avenue, Suite 320
      Las Vegas, NV 89113

4.    Katherine Travnicek, M.D.
      Pain Institute of Nevada
      7435 West Azure Drive, Suite 190
      Las Vegas, NV 89130

5.    Walter Kidwell, M.D.
      Pain Institute of Nevada
      7435 West Azure Drive, Suite 190
      Las Vegas, NV 89130

6.    John Thompson, D.O.
      Desert Oasis Clinic
      6316 South Rainbow Boulevard, Suite 100
      Las Vegas, NV 89118

7.    David Tupper, M.D.
      Hennepin County Medical Center
      Minneapolis, MN 55415

8.    Jason Jaeger, D.C.
      6592 North Decatur Boulevard, Suite 115
      Las Vegas, NV 89131

9.    Reva B. Klein, M.D.
      c/o Faegre Drinker Biddle & Reath LLP
      320 S. Canal Street, Suite 3300
      Chicago, IL 60606

10.   Frederick Kadushin, Ph.D.
      1380 Main Street, Suite 205
      Springfield, MA 01103

11.   Lori Folk-Barron, Psy.D.
      c/o Faegre Drinker Biddle & Reath LLP
      320 S. Canal Street, Suite 3300
      Chicago, IL 60606

12.   Ann Markes, M.D.
      c/o Faegre Drinker Biddle & Reath LLP
      320 S. Canal Street, Suite 3300
      Chicago, IL 60606

13.   Mark Jackowitz, M.D.
      c/o Faegre Drinker Biddle & Reath LLP
      320 S. Canal Street, Suite 3300
      Chicago, IL 60606

14.   Sabitri Mangal
      c/o Faegre Drinker Biddle & Reath LLP
      320 S. Canal Street, Suite 3300
      Chicago, IL 60606

15.   Jeff Stasiowski
      c/o Faegre Drinker Biddle & Reath LLP
      320 S. Canal Street, Suite 3300
      Chicago, IL 60606

16.   Karen Schuster
      c/o Faegre Drinker Biddle & Reath LLP
      320 S. Canal Street, Suite 3300
      Chicago, IL 60606

17.   Jasmine Caruk
      c/o Faegre Drinker Biddle & Reath LLP
      320 S. Canal Street, Suite 3300
      Chicago, IL 60606

18.   Akhil Chhatre, M.D.
      c/o Faegre Drinker Biddle & Reath LLP
      320 S. Canal Street, Suite 3300
      Chicago, IL 60606

19.   Kristin Wiggs, M.D.
      Hennepin County Medical Center
      825 S. 8th Street, Suite 600
      Minneapolis, MN 55404

20.   Charles Bernick, M.D.
      Cleveland Clinic – Lou Revo Center for Brain Health
      888 West Bonneville Avenue
      Las Vegas, NV 89106

21.   Jeffrey Gross, M.D.
      Comprehensive Injury Institute
      2779 W. Horizon Ridge Parkway, #200
      Henderson, NV 89502

22.   Erin Bigler, Ph.D.
      University of Utah School of Medicine
      729 Arapeen Way
      Salt Lake City, UT 84108

23.   Leo Germin, M.D.
      7751 Flamingo Road, Suite A-100
      Las Vegas, NV 89147

24.   Richard Cestkowski, D.O.
      6655 W. Sahara Avenue, Suite D100
      Las Vegas, NV 89146

25.   Zoran Maric, M.D.
      333 W. Thomas Road, Suite 202
      Phoenix, AZ 85013

26.   Samir Bangalore, M.D.
      Nevada Neurosciences Institute
      3201 S. Maryland Parkway, Suite 220
      Las Vegas, NV 89109

27.   Tanvir Hossein, M.D.
      Sunrise Hospital & Medical Center
      3196 S. Maryland Parkway, Suite 202
      Las Vegas, NV 89109

28.   Howard Tung, M.D.
      University of California San Diego
      9350 Campus Point Drive
      La Jolla, CA 92037

29.   Joseph Schifini, M.D.
      Control Pain
      600 S. Tonopah Drive, #240
      Las Vegas, NV 89106

30.   Barry Hendin, M.D.
      Banner Health
      4444 N. 32nd Street
      Phoenix, AZ 85018

31.   Stephen Rothman, M.D.
      9233 W. Pico Boulevard
      Los Angeles, CA 90035

32.   Kimberley C. Meyers
      10550 West Alexander Road
      Las Vegas, NV 89129

33.  David E. Fish, M.D.
     UCLA Health
     1131 Wilshire Boulevard, Suite 100
     Santa Monica, CA 90401

## IX.

The attorneys or parties have met and jointly offer these three trial start dates:  October 30, 2023; January 15, 2024; and February 26, 2024.

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

## X.

It is estimated that the trial will take a total of 7-10 days.

APPROVED AS TO FORM AND CONTENT:

DATED this 16th day of March 2023.

**MATTHEW L. SHARP, LTD.**


 */s/ Matthew L. Sharp*
Matthew L. Sharp, Esq.
Nevada Bar No. 4766
432 Ridge St.
Reno, NV  89501

*Attorneys for Plaintiff Sanghamitra Basu*

DATED this 16th day of March 2023.

**CLAGGETT & SYKES LAW FIRM**


 */s/ Sean K. Claggett*
Sean K. Claggett, Esq.
Nevada Bar No. 8407
Samuel A. Harding, Esq.
Nevada Bar No. 1877
Shannon L. Wise
Nevada Bar No. 14509
4101 Meadows Lane, Suite 100
Las Vegas, NV  89107

*Attorneys for Plaintiff Sanghamitra Basu*

DATED this 16th day of March 2023.

**WRIGHT, FINLAY & ZAK, LLP**


         */s/ Robert A. Riether*
Robert A. Riether, Esq.
Nevada Bar No. 12076
7785 W. Sahara Avenue, Suite 200
Las Vegas, NV  89117

*Attorneys for Defendant Massachusetts
Mutual Life Insurance Company*

DATED this 16th day of March 2023.

**FAEGRE DRINKER BIDDLE &
   REATH LLP**


         */s/ Kimberly A. Jones*
Kimberly A. Jones, Esq.
Admitted *pro hac vice*
191 N. Wacker Drive, Suite 3700
Chicago, IL  60606
Eric F. Au, Esq.
Admitted *pro hac vice*
One Logan Square, Suite 2000
Philadelphia, PA  19103

*Attorneys for Defendant Massachusetts
Mutual Life Insurance Company*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## XI.

### ACTION BY THE COURT:

This case is set for court trial on the stacked calendar January 22, 2024 at 9:00 a.m.  Calendar call will be January 17, 2024, at 1:30 p.m.

This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case.  This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

DATED: _____March 20, 2023_____

_____
UNITED STATES DISTRICT JUDGE

## **<u>CERTIFICATE OF SERVICE</u>**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of MATTHEW L. SHARP, LTD., and that on March 16, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Robert Riether @ rriether@wrightlegal.net
Eric F. Au @ eric.au@faegredrinker.com
Kimberly Jones @ kimberly.jones@faegredrinker.com
*Attorneys for Defendant*

DATED this 16th day of March 2023.

                         /s/ Suzy Thompson
                        An Employee of Matthew L. Sharp, Ltd.